UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 15-CR-2561 (DMS) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582** |
| JOSE ORTUNO-MALDONADO, | |
| Defendant. | |

On August 28, 2020, Defendant Jose Ortuno-Maldonado filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). On October 22, 2020, Defendant, with appointed counsel, filed an amended motion to reduce his sentence. On November 6, 2020, the Government filed a response indicating its non-opposition. For the following reasons, the motion is granted.

**I.**

**BACKGROUND**

On September 9, 2015, Defendant was arrested at the San Ysidro, California, Port of Entry, while driving a vehicle with 7 packages of methamphetamine concealed under the carpet within the floor of the vehicle. (Presentence Investigation Report, ("PSR"), ECF No. 22, at ¶¶ 5–6.) Defendant was charged with importation of methamphetamine and pleaded guilty on October 15, 2015. (*Id.* at ¶¶ 2–3.) On April 29, 2016, the Court sentenced

Defendant to 96 months of imprisonment, followed by three years of supervised release. (Judgment, ECF No. 34.) Defendant is currently incarcerated at CCA McRae Correctional Facility in McRae Helena, Georgia. (Am. Mot. for Comp. Rel. at 2.) According to the BOP website, Defendant is scheduled to be released on July 3, 2022.[1] As of August 4, 2020, at least 18 inmates and 19 staff members at McRae were positive for COVID-19. (*Id*. at 15.)

Defendant is 68 years old and suffers from several conditions that the Centers for Disease Control and Prevention ("CDC") identifies as presenting heightened risk for serious illness from COVID-19, including Type II diabetes and high blood pressure. *See Groups at Higher Risk for Serious Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Defendant was infected with COVID-19 while in custody and fears the risk of re-infection. (Am. Mot. for Comp. Rel. at 12.) Due to the risks associated with COVID-19 and the inability to socially distance in a custodial setting, Defendant now seeks a reduction of his sentence to time served. The Government does not oppose Defendant's motion.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") expressly permits a court to modify a prison sentence. *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

---

[1] Defendant states that his release date is August 28, 2022. (Mot. for Comp. Rel. at 2; Am. Mot. for Comp. Rel. at 3.)

Section 3582(c) of Title 18 of the United States Code provides that a defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582 (c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (quoting *Brown v. United States*, 411 F. Supp. 3d 446, 352 (S.D. Iowa 2019) (internal quotation marks omitted)).

There is no dispute Defendant has exhausted his administrative remedies. (Am. Mot. for Comp. Rel. at 4; Response at 2.) Accordingly, the Court may consider the applicable standards set forth in Section 3553(a) and determine whether "extraordinary and compelling reasons warrant" a sentence reduction consistent with "applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582 (c)(1)(A).

1. Extraordinary and Compelling Reasons

Defendant argues that he is eligible for sentence modification for extraordinary and compelling reasons because his underlying health conditions make him particularly vulnerable to COVID-19. Specifically, he suffers from Type II diabetes, high blood pressure, high cholesterol, loss of eyesight and hearing, frequent painful sores on his body, heart and prostate issues, and a weakened immune system. (Am. Mot. for Comp. Rel. at 5-7.) A defendant may show extraordinary and compelling reasons exist if he or she is "suffering from a serious physical or mental condition," among other conditions. *See* U.S.S.G § 1B1.13, cmt n.1(A)(i)–(ii). In the context of the current COVID-19 pandemic, the CDC has designated certain pre-existing conditions as increasing a person's risk for developing serious illness from COVID-19, including Type II diabetes. *See Groups at Higher Risk for Serious Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. The CDC has also identified a potential for increased risk for severe illness from COVID-

19 for individuals with high blood pressure. *Id.* The Government concedes that Defendant's medical conditions constitute extraordinary and compelling circumstances amidst the current pandemic. (Response at 2.) Accordingly, Defendant has met his burden to demonstrate that "extraordinary and compelling reasons" exist to warrant early release.

## 2. Danger to Others or the Community

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1. To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose. These factors overlap with the § 3553(a) factors.

Defendant contends he is not a danger to others or the community under § 3142(g) because he does not have a history of violent crimes on his record. (Am. Mot. for Comp. Rel. at 18.) Prior to this case, Defendant only had two minor convictions in the 1970s. (*Id.*) Defendant also notes that he faces a detainer from Immigration and Customs Enforcement (ICE), so any release from his custodial sentence would result in his deportation back to his native country of Mexico, where he has family to support him. (*Id.*) The Government agrees that Defendant is not a danger to the safety or any other person or to the community. (Response at 3.) The record reveals Defendant is not a danger to others or the community. Defendant has therefore satisfied the § 3142(g) factors.

## 3. Section 3553(a) Factors

Section 3553(a) provides that the court "shall impose a sentence sufficient, but not greater than necessary," and in doing so, may consider, among other things: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence imposed; and (3) the kinds of sentences available. Like the §

3142(g) factors, these § 3553(a) factors weigh in favor of releasing Defendant. The parties agree Defendant satisfies the § 3553(a) factors and merits early release.

Defendant requests a sentence modification to time served and a term of probation or supervised release, which would release Defendant to ICE for deportation proceedings to begin. (Am. Mot. for Comp. Rel. at 19.) The Government does not oppose Defendant's request to reduce his sentence to time served and asks that there not be a term of supervised release in light of Defendant's immigration status. (Response at 3.)

## III.

## CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED, as follows:

1. Defendant's **Amended** Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 52), is **GRANTED**;

2. Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), (ECF No. 40), is now moot;

3. Defendant is resentenced to a time-served custodial sentence without any supervised release, effective immediately upon Defendant completing a 14-day quarantine period and obtaining medical clearance from the BOP that Defendant is not infected with COVID-19.

**IT IS SO ORDERED.**

Dated: November 12, 2020

Hon. Dana M. Sabraw
United States District Judge